IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

WILLIAM RAYMOND STANLEY JR.,
Reg. No. 75566-097,
  Petitioner,

              EP-18-CV-230-DCG

SCOTT NICKLIN, Warden,
  Respondent.

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

William Raymond Stanley Jr.—a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas (FCI La Tuna)—challenges two prison disciplinary actions brought against him for phone abuse through a pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. ' 2241." Respondent Scott Nicklin—the Warden at FCI La Tuna—moves for summary judgment. For the reasons outlined below, the Court will grant Nicklin's motion.

## BACKGROUND AND PROCEDURAL HISTORY

In his petition, Stanley challenges disciplinary actions 2938842 and 2938844.[1] Pet'r's Pet. 2, ECF No. 1. He explains the Discipline Hearing Officer (DHO) sanctioned him in each case for violating Code 297—Use of Telephone for Abuses other than Criminal Activity—while housed at the Federal Correctional Institution in Herlong, California. *Id.* at 6. He claims the incident reports contain false information and alleges the wrong offense. *Id.* He also claims the Bureau of Prisons (BOP) erred in denying his request to expunge the incident reports from his

---

[1] Stanley challenged disciplinary action number 2938844 in his petition. Disciplinary action number 2938844 resulted in the loss of 13 days of good conduct time. In his prayer for relief, however, Stanley asked the Court to restore 27 days of good conduct time. A review of Stanley's disciplinary record revealed he received two disciplinary actions—numbers 2938842 and 2938844—on the same day for the same type of offense, which resulted in the combined loss of 27 days of good conduct time. So the Court addressed both disciplinary actions in this order.

record. *Id.* He asks the Court to correct the record and restore 27 days of lost good conduct time. *Id.* at 7.

### A. Incident Report No. 2938842

On January 12, 2017, a BOP officer monitoring inmate phone calls noticed a call placed by inmate L.W. on January 8, 2017, at 12:51 p.m. Mot. Summ. J., Ex. 1, Attach. 3 (Incident Report No. 2938842), § 11, ECF No. 6-1. The officer listened as L.W. explained, "Mrs. Jones this is a call from [F]rog he said to put $80 if you can and he can't call for another two weeks so check your email . . ." *Id.* The officer researched the number called and found Stanley had listed it as the number for his parents. *Id.*

That same day, Stanley received a copy of Incident Report 2938842. *Id.*, §§ 14–16. He was charged with violating Code 297, "use of telephone, abuses other than criminal activity." *Id.*, §§ 9–10. He told the officer delivering the Incident Report that he "didn't know this was a prohibited act." *Id.*, § 24.

On January 18, 2017, Stanley appeared before the Unit Discipline Committee (UDC). *Id.*, § 21. He did not request any witnesses to testify for him. *Id.*, § 25. He maintained he "didn't make a phone call." *Id.*, § 17. His case was referred to the Discipline Hearing Officer (DHO) "based on the severity of the charge." *Id.*, § 19.

Stanley was advised of his rights before the disciplinary hearing. *Id.*, Attach 4 (Inmate Rights at Discipline Hearing). He did not request a staff representative or a witness. *Id.*, Attach. 5 (Notice of Discipline Hearing Before the (DHO)).

On January 24, 2017, Stanley appeared before the DHO. *Id.*, Attach. 6 (Discipline Hearing Officer Report), § I.B. Stanley told the DHO, "I didn't know that was a violation. It

won't happen again." *Id.*, § III.B.

The DHO construed Stanley's statement as both an acceptance of responsibility and a mitigating factor. *Id.*, § V. The DHO considered the reporting officer's account of the incident and the TRUFONE Monitor Recorded Calls Report, dated January 6, 2017. *Id.* Based on the "greater weight of the facts and evidence," the DHO found Stanley guilty of violating "Code 297, Use of Telephone for Abuses Other Than Criminal Activity." *Id.* The DHO sanctioned Stanley with the loss of 14 days of good conduct time, 15 days of disciplinary segregation (suspended for 90 days pending clear conduct), and the loss of 90 days of e-mail privileges. *Id.*, § VI. The DHO noted the unauthorized use of a telephone by an inmate posed "a serious threat to the ability of the staff to control the use of the telephone" amd inmate communications with the outside world "for prohibited or illegal purposes." *Id.*, § VII.

On February 14, 2017, Stanley received a copy of the DHO's written report. *Id.*, § IX.

**B. Incident Report No. 2938844**

On January 12, 2017, a BOP officer monitoring inmate phone calls noticed a call placed by inmate M.W. on January 8, 2017, at 1:20 p.m. *Id.*, Attach. 7 (Incident Report No. 2938844), § 11. The officer listened as M.W. spoke to a women he called Jean and told her, "This is a friend of Frogs he said to let you know that he wants you to check your home email and his store list is due on Wednesday in the am and he needs 80, he told me to pass that on to you." *Id.* The officer also noticed that M.W. had placed another call to the same number on January 11, 2017, at 11:42 a.m., and tried to get the name of Jean's personal injury lawyer for Frog. *Id.* The officer researched the number and found Stanley had listed it as the number for his parents. *Id.*

On January 12, 2017, Stanley received a copy of Incident Report 2938844. *Id.*, §§ 14–

16. He was once again charged with violating Code 297, "use of telephone, abuses other than criminal activity." *Id.*, §§ 9–10. He responded to the officer delivering the Incident Report with "I didn't know this was a prohibited act. I am sorry" *Id.*, § 24.

On January 18, 2017, Stanley appeared before the Unit Discipline Committee (UDC). *Id.*, § 21. He did not request any witnesses. *Id.*, § 25. He maintained he "didn't make a phone call." *Id.*, § 17. His case was referred to the Discipline Hearing Officer (DHO) due to the "severity" of the charged act. *Id.*, § 19.

Stanley was advised of his rights during a disciplinary hearing. *Id.*, Attach 8 (Inmate Rights at Discipline Hearing). He did not request a staff representative or witnesses. *Id.*, Attach. 9 (Discipline Hearing Offer Report), §§ II–III.

On January 24, 2017, Stanley appeared before the DHO. *Id.*, § I.B. Stanley said, "I didn't know that was a violation. It won't happen again." *Id.*, § III.B.

The DHO construed Stanley's statement as both an acceptance of responsibility and a mitigating factor. *Id.*, § V. The DHO considered the reporting officer's account of the incident and the "TRUFONE Monitor Recorded Calls Report," dated January 6, 2017. *Id.* Based on the "greater weight of the evidence," the DHO found Stanley guilty of violating "Code 297, Use of Telephone for Abuses Other Than Criminal Activity." *Id.* The DHO sanctioned Stanley with the loss of 13 days of good conduct time, 15 days of disciplinary segregation (suspended for 90 days pending clear conduct), and the loss of 45 days of e-mail privileges. *Id.*, § VI. The DHO noted the unauthorized use of a telephone by an inmate posed a "serious threat" to the ability of the staff to control inmate communications with the outside world "for prohibited or illegal purposes." *Id.*, § VII.

4

On February 14, 2017, Stanley received a copy of the DHO's written report. *Id.*, § IX.

## LEGAL STANDARD

### A. Petition for a Writ of Habeas Corpus

"Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Habeas corpus relief will not be granted unless the petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2241(c) (2012).

A prisoner's challenge to a disciplinary action may fall within the scope of 28 U.S.C. ' 2241. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). But before a prisoner may obtain habeas relief, he must first show that his disciplinary action resulted in a punishment which intruded on a liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). And a prisoner's constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). So, for example, a prisoner has a liberty interest in his accumulated good conduct time. *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). But an inmate has "no right to unlimited telephone use." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Hence, a prisoner's "90 days loss of telephone privileges" does not implicate a protected liberty interest. *Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002).

When a prisoner faces a loss of a protected liberty interest through a disciplinary hearing,

he is entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). But a prisoner's "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (1974). For a prison disciplinary proceeding to comport with the requirements of due process, a prisoner need only be afforded the following minimal procedural safeguards: (1) advance written notice of the disciplinary charges; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). And a prisoner must be presented with "some facts" or a "modicum of evidence" which supports the disciplinary decision. *Id.* at 454–55.

A court's determination "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) ("[T]he court may act only where arbitrary or capricious action is shown."). Indeed, a court's review is "extremely deferential" and it will overturn a disciplinary proceeding "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

### B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 permits summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of

the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323B25 (1986). If the moving party meets this burden, the non-movant must show that specific facts exist over which there is a genuine issue for trial. *Little*, 37 F.3d at 1075.

## ANALYSIS

Stanley challenges two disciplinary actions which resulted in him forfeiting good conduct credits. "[R]evocation of such credits must comply with minimal procedural requirements." *Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014)(per curiam)(citing *Henson*, 213 F.3d at 898). *Deen-Mitchell v. Young*, 490 F. App'x 650, 650-51 (5th Cir. 2012)(per curiam).

Stanley does not dispute that each of the *Wolff* requirements were met. He received advance written notice of the charges on January 12, 2017, appeared before the UDC on January 18, 2017, and appeared before the DHO on January 24, 2017. Mot. Summ. J., Ex. 1, Attach. 3 (Incident Report No. 2938842), §§ 14–16, 21, ECF No. 6-1; *Id.*, Attach 4 (Inmate Rights at Discipline Hearing); *Id.*, Attach. 6 (Discipline Hearing Officer Report), § I.B; *Id.*, Attach. 7 (Incident Report No. 2938844), §§ 14–16, 21; *Id.*, Attach. 9 (Discipline Hearing Officer Report), § I.B. He had the opportunity to receive the assistance of a staff representative, and to present witnesses and evidence at his hearing. *Id.*, Attach. 6, §§ II–III; *Id.*, Attach. 6, §§ II–III. He received a written statement as to the evidence the DHO relied on and the reasons for the actions taken. *Id.*, Attach. 6, § IX; *Id.*, Attach. 6, § IX.

Instead, Stanley asserts the incident report contains false information and alleges the wrong offense. Pet'r's Pet. 6, ECF No. 1. Notably, he does not identify the "false information" relied on by the DHO. He also argues that officers were able to monitor the calls of inmates L.W. and M.W., as a consequence, he did not circumvent BOP procedures and violate Code 297:

> I RECEIVED AN INCIDENT REPORT FOR PROHIBITED ACT 297, ALLEGING TWO PHONE CALLS WERE PLACED TO A NUMBER AND TO A PERSON FOUND TO BE IN MY TRULINCS AND THE CONTENTS OF THE CALLS WERE ALSO NOTED IN THE REPORT SO HOW COULD I HAVE CIRCUMVENTED WHEN THE INFORMATION OF THE CALLS ARE NOTED[?]

*Id.* Stanley's contention is without merit.

In response to Stanley's administrative appeal, the regional director explained that inmates do circumvent the BOP's efforts to monitor communications when they rely on other inmates to pass messages:

> Program Statement 5270.09, Inmate Discipline Program, defines a Code 297 as, "Use of the telephone for abuses other than criminal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or number called." The use of another inmate's telephone account does circumvent staff's ability to monitor your communications with outside persons as this call is concealed under the guise of another inmates account. We find the charge of Code 297 to be appropriate, and find no abuse of discretion on this matter.

Pet'r's Pet., Ex., pp. 5-6 (Resp. of Regional Director), ECF No. 1-1.

The DHO explained that when an inmate relies on other inmates to forward messages, he threatens the staff's ability to monitor calls made for prohibited or illegal purposes:

> The action/behavior on the part of any inmate to use the telephone in an unauthorized manner, poses a serious threat to the ability of the staff to control the use of the telephone. Your actions interfered with the ability of staff to monitor whether inmates are making calls for prohibited or illegal purposes. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

8

Mot. Summ. J., Ex. 1, Attach. 6 (Discipline Hearing Officer Report), § VII; *Id.*, Attach 9 (Discipline Hearing Officer Report), § VII.

While Stanley may disagree with the BOP's policy concerning inmate telephone use and think it is acceptable to have other inmates pass messages to his family, he has not shown the policy violates the Constitution or laws or treaties of the United States. His disagreement does not provide a basis for the Court to vacate the disciplinary actions brought against him, expunge the incident reports from his record, or restore 27 days of lost good conduct time.

Furthermore, the DHO identified the evidence he relied on to make his decision. *Id.*, Attach. 6 (Discipline Hearing Officer Report), § V; *Id.*, Attach 9 (Discipline Hearing Officer Report), § V. Specifically, the DHO claimed he reached his decision based on the reporting officer's written statement and a TRUFONE Monitor Recorded Calls Report. The incident report alone constitutes "some evidence." *Hudson v. Johnson*, 242 F.3d 534, at 536B37 (5th Cir. 2001). After reviewing the evidence presented at the hearing and the contents of the incident report, the DHO concluded "[b]ased on the greater weight of evidence, the DHO finds you committed the prohibited act of Code 297, Use of Telephone for Abuses Other Than Criminal Activity" Mot. Summ. J., Ex. 1, Attach. 6 (Discipline Hearing Officer Report), § V; *Id.*, Attach 9 (Discipline Hearing Officer Report), § V.

Consequently, the record shows there was some evidence to support the DHO's finding that Stanley committed the prohibited act.

## CONCLUSION AND ORDERS

The Court concludes there are no disputes as to any material fact. In sum, Nicklin provided Stanley with the process required under *Wolff*, and there was some evidence to support

the DHO's conclusion that Stanley engaged in prohibited conduct. Stanley cannot establish he was deprived of some right secured by the Constitution or laws of the United States. The BOP did not err in denying Stanley's request to expunge the incident reports from his record. Stanley is not entitled to federal habeas corpus relief, and Nicklin is entitled to summary judgment.

Therefore, the Court enters the following orders:

**IT IS ORDERED** that Respondent Scott Nicklin's "Motion for Summary Judgment," (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner William Raymond Stanley Jr.'s "Petition for a Writ of Habeas Corpus under 28 U.S.C. ' 2241" (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this 25th day of March 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE